## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **IN RE ANDROGEL ANTITRUST LITIGATION (II)** | CASE NO. 1:09-MD-2084 (TWT) |
| | **END-PAYOR CLASS ACTION** |
| **GEORGE STEVEN LEGRAND,** | |
| **Plaintiff,** | |
| **v.** | **CASE NO. 1:10-CV-2883-TWT** |
| **UNIMED PHARMACEUTICALS, INC., ET AL,** | |
| **Defendants.** | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Watson Pharmaceuticals, Inc. ("Watson"), by and through its attorneys, hereby submits its Answer in response to Plaintiff's Class Action Complaint (the "Complaint") in this matter. Watson files its Answer subject to Plaintiff's acknowledgment that any and all claims contained in Plaintiff's Complaint, including claims pursued under California law, are subject to the Order issued by this Court on February 22, 2010, in which the Court held that "only the

2879552 v02

sham litigation claim survives" in all consolidated actions. *See* Dkt. No. 50 at 22, *In re Androgel Antitrust Litig. (No. II)*, No. 1:09-md-2084 (N.D. Ga.).

Watson avers generally that the answers contained herein are with respect to the allegations directed to Watson only, as Watson is not required to respond to allegations put forth against any other Defendant. Watson generally denies each and every allegation that Watson does not expressly admit. Watson also specifically denies some allegations without affecting its general denial of other allegations. In addition to the above general answers, Watson now offers the following answers to the specific allegations set forth in each numbered paragraph of the Complaint:

1.     Watson admits that AndroGel is a testosterone replacement therapy for males with a deficiency or absence of endogenous testosterone. Watson denies the  allegations in the first sentence of paragraph 1.[1] Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 1.

2.     Watson denies the allegations in paragraph 2.

3.     Watson lacks knowledge or information sufficient to form a

---

[1] All references to "paragraphs" and "allegations" refer to the paragraphs and allegations of the Complaint.

2879552 v02

belief concerning the allegations in paragraph 3.

4.      Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 4.

5.      Paragraph 5 states legal conclusions or arguments to which no answer is required.  To the extent an answer may be required, Watson denies the allegations in paragraph 5.

6.      Watson admits that AB-rated generic versions of brand name drugs contain the same active ingredient as their brand name counterparts, and that the FDA requires all drugs it approves to be safe and effective.  Furthermore, generic drugs are generally less costly than the brand name drugs to which they are AB-rated.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 6.

7.      Paragraph 7 states legal conclusions or arguments to which no answer is required.  To the extent an answer may be required, Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 7.

8.      Watson denies the allegations in the second sentence of paragraph 8.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 8.

9.     Watson denies the allegations in paragraph 9.

10.     Watson denies the allegations in paragraph 10.

11.     The first sentence of paragraph 11 states legal conclusions or arguments to which no answer is required.   To the extent an answer may be required, Watson denies the allegations in paragraph 11.

12.     Paragraph 12 states legal conclusions to which no answer is required.

13.     Paragraph 13 states legal conclusions or arguments to which no answer is required.   To the extent an answer may be required, Watson admits that venue is proper in the Northern District of Georgia, but denies the remaining allegations in paragraph 13.

14.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 14.

15.     Watson denies the allegations in paragraph 15.

16.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 16.

17.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 17.

18.     Watson admits that it is a Nevada corporation and that the

2879552 v02

Watson group of companies develops, manufactures, and markets generic versions of brand name drugs.  Watson denies the remaining allegations in paragraph 18.

19.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 19.

20.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 20.

21.     Paragraph 21 describes legal conclusions to which no answer is required.

22.     Paragraph 22 describes legal conclusions to which no answer is required.

23.     Paragraph 23 describes legal conclusions to which no answer is required.

24.     Paragraph 24 describes legal conclusions to which no answer is required.

25.     Paragraph 25 describes legal conclusions to which no answer is required.

26.     Paragraph 26 describes legal conclusions to which no answer is required.  To the extent an answer may be required, Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 26.

2879552 v02

27.    Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 27.

28.    Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 28.

29.    Watson admits the first sentence of paragraph 29.   Watson denies the remaining allegations in paragraph 29.

30.    Watson admits that generic drugs are generally less costly than the brand name drugs to which they are AB-rated.   Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 30.

31.    Paragraph 31 describes legal conclusions or arguments to which no answer is required.

32.    Paragraph 32 describes legal conclusions or arguments to which no answer is required.

33.    Paragraph 33 describes legal conclusions or arguments to which no answer is required.

34.    Paragraph 34 describes legal conclusions or arguments to which no answer is required.

35.     Paragraph 35 describes legal conclusions or arguments to which no answer is required.

36.     Watson denies the allegations in paragraph 36.

37.     Watson admits that generic drugs are generally less costly than the brand name drugs to which they are AB-rated.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 37.

38.     Paragraph 38 describes legal conclusions to which no answer is required.  To the extent an answer may be required, Watson admits that AB-rated generic versions of drugs can be substituted for their corresponding reference listed drug.   Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 38.

39.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 39.

40.     Watson lacks knowledge or information sufficient to form a belief concerning the expiration of patents covering the synthesis of artificial testosterone.  Watson denies the remaining allegations in paragraph 40.

41.     Watson admits the allegations in paragraph 41.

42.     Watson admits that AndroGel provides for topical application

and controlled release of testosterone into the bloodstream.   Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 42.

43.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 43.

44.   Watson admits that United States Patent Application Serial No. 09/651,777 was filed with the U.S. Patent Office (PTO) on August 30, 2000 and that the PTO issued the '894 Patent on January 7, 2003.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 44.

45.   To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 45 do not accurately reflect those documents, Watson denies the allegations in paragraph 45.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 45.

46.   To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 46 do not accurately reflect those documents, Watson denies the allegations in paragraph 46.

2879552 v02

47.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 47 do not accurately reflect those documents, Watson denies the allegations in paragraph 47.

48.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 48 do not accurately reflect those documents, Watson denies the allegations in paragraph 48.  Watson admits that the chemical symbol for sodium hydroxide is "NaOH."

49.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 49 do not accurately reflect those documents, Watson denies the allegations in paragraph 49.

50.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 50 do not accurately reflect those documents, Watson denies the allegations in paragraph 50.

51.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the

allegations in paragraph 51 do not accurately reflect those documents, Watson denies the allegations in paragraph 51.

52.    To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 52 do not accurately reflect those documents, Watson denies the allegations in paragraph 52.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 52.

53.    To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 53 do not accurately reflect those documents, Watson denies the allegations in paragraph 53.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 53.

54.    To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 54 do not accurately reflect those documents, Watson denies the allegations in paragraph 54.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 54.

55.    To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the

allegations in paragraph 55 do not accurately reflect those documents, Watson denies the allegations in paragraph 55.

56.    To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 56 do not accurately reflect those documents, Watson denies the allegations in paragraph 56.

57.    To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 57 do not accurately reflect those documents, Watson denies the allegations in paragraph 57.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 57.

58.    Watson admits that the '894 Patent issued on January 7, 2003. To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 58 do not accurately reflect those documents, Watson denies the allegations in paragraph 58.  Watson denies the remaining allegations in paragraph 58.

2879552 v02

59.     Paragraph 59 contains legal conclusions to which no answer is required.   Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 59.

60.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.   To the extent that the allegations in paragraph 60 do not accurately reflect those documents, Watson denies the allegations in paragraph 60.   Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 60.

61.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 61.

62.     To the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.   To the extent that the allegations in paragraph 62 do not accurately reflect those documents, Watson denies the allegations in paragraph 62.

63.     Watson admits that the Certificate of Correction was issued on December 16, 2003.   The remaining allegations in paragraph 63 rely on publicly available documents that speak for themselves.   To the extent that the allegations in paragraph 63 do not accurately reflect those documents, Watson denies the allegations in paragraph 63.

2879552 v02

64.     Paragraph 64 states legal conclusions to which no answer is required.

65.     Paragraph 65 states legal conclusions to which no answer is required.  To the extent an answer is required, Watson denies the allegations in paragraph 65.

66.     Paragraph 66 states legal conclusions to which no answer is required.  To the extent an answer is required, Watson denies the allegations in paragraph 66.

67.     Watson admits that Watson Laboratories, Inc., filed ANDA No. 76-737 with the FDA.  Watson admits the remaining allegations in paragraph 67.

68.     Watson admits that Unimed Pharmaceuticals, Inc., not Solvay, sued Watson for patent infringement in August 2003.

69.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 69.

70.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 70.

71.     Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 71.

72.     The first sentence of paragraph 72 states a legal conclusion or

2879552 v02

argument to which no answer is required.   Watson admits that Unimed Pharmaceuticals, Inc. and Laboratories Besins Iscovesco did not request from Watson any sample of the proposed drug product that is the subject of Watson's ANDA No. 76-737, any portion of Watson's ANDA No. 76-737, or any information whatsoever concerning the proposed drug product that is the subject of Watson's ANDA No. 76-737, before filing their First Amended Complaint. Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 72.

73.    Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 73.

74.    Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 74.

75.    Watson admits that Watson Laboratories, Inc., received final approval from the FDA to market its AB-rated generic version of AndroGel. Watson admits the remaining allegations in paragraph 75.

76.    Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 76.

2879552 v02

77.     Paragraph 77 states legal conclusions or arguments to which no answer is required.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 77.

78.     Paragraph 78 states legal conclusions or arguments to which no answer is required.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 78.

79.     Paragraph 79 states legal conclusions or arguments to which no answer is required.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 79.

80.     Paragraph 80 states legal conclusions or arguments to which no answer is required.

81.     Paragraph 81 states legal conclusions or arguments to which no answer is required.  To the extent that Plaintiff's remaining allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 81 do not accurately reflect those documents, Watson denies the allegations in paragraph 81. Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 81.

2879552 v02

82.     Paragraph 82 states legal conclusions or arguments to which no answer is required.  To the extent that Plaintiff's remaining allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 82 do not accurately reflect those documents, Watson denies the allegations in paragraph 82. Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 82.

83.     Watson denies the last sentence of paragraph 83.   The remainder of paragraph 83 states legal conclusions or arguments to which no answer is required.  Furthermore, to the extent that Plaintiff's allegations rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 83 do not accurately reflect those documents, Watson denies the allegations in paragraph 83.   Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 83.

84.     Paragraph 84 states legal conclusions or arguments to which no answer is required.  To the extent an answer may be required, Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 84.

85.     Paragraph 85 states legal conclusions or arguments to which no answer is required.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 85.

86.     Paragraph 86 states legal conclusions or arguments to which no answer is required.  To the extent the remaining allegations in paragraph 86 rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 86 do not accurately reflect those documents, Watson denies the allegations in paragraph 86. Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 86.

87.     Paragraph 87 states legal conclusions or arguments to which no answer is required.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 87.

88.     Paragraph 88 states legal conclusions or arguments to which no answer is required.  To the extent the remaining allegations in paragraph 88 rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 88 do not accurately reflect those documents, Watson denies the allegations in paragraph 88. Watson lacks

knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 88.

89.    To the extent that the allegations in paragraph 89 rely on publicly available documents, those documents speak for themselves.   To the extent that the allegations in paragraph 89 do not accurately reflect those documents, Watson denies the allegations in paragraph 89.

90.    Watson admits that it filed a motion for summary judgment of invalidity as to certain claims in the '894 patent.   Watson denies the remaining allegations in paragraph 90.

91.    To the extent that the allegations in paragraph 91 rely on publicly available documents, those documents speak for themselves.   To the extent that the allegations in paragraph 91 do not accurately reflect those documents, Watson denies the allegations in paragraph 91.

92.    Watson denies the allegations in paragraph 92.

93.    Watson admits that Watson Laboratories, Inc., received final approval from the FDA to market its AB-rated generic version of AndroGel.   The remaining allegations in paragraph 93 state legal conclusions or arguments to which no answer is required.

94.    Watson denies the allegations in paragraph 94.

95.    Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 95.

96.    Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 96.

97.    Watson denies the allegations in the first sentence of paragraph 97.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 97.

98.    Watson denies the allegations in the first sentence of paragraph 98.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 98.

99.    Watson admits that Solvay plans to develop and market a low-volume testosterone gel.   Watson denies the remaining allegations in the first sentence of paragraph 99.  Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 99.

100.   Watson admits the first sentence of paragraph 100.  Watson admits that it obtained a license to market generic AndroGel on August 31, 2015, or earlier if another generic company launches a generic version of AndroGel before that date.  Watson denies the remaining allegations in paragraph 100.

101.   Watson admits that Watson Pharma, Inc. entered into a co-promotion deal with Solvay Pharmaceuticals, Inc. and Unimed Pharmaceuticals, Inc.  Watson denies the remaining allegations in paragraph 101.

102.   To the extent that the allegations in paragraph 102 rely on publicly available documents, those documents speak for themselves.   To the extent the allegations in paragraph 102 do not accurately reflect those documents, Watson denies the allegations in paragraph 102.   Watson denies the remaining allegations in paragraph 102.

103.   Watson admits the allegations in paragraph 103.

104.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 104.

105.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 105.

106.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 106.

107.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 107.

108.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 108.

2879552 v02

109.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 109.

110.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 110.

111.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 111.

112.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 112.

113.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 113.  To the extent the allegations in paragraph 113 pertain to Watson, Watson denies the allegations in paragraph 113.

114.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 114.

115.   To the extent that the allegations in paragraph 115 rely on publicly available documents, those documents speak for themselves.  To the extent that the allegations in paragraph 115 do not accurately reflect those documents, Watson denies the allegations in paragraph 115.  Watson also denies the remaining allegations in paragraph 115.

116.   To the extent that the allegations in paragraph 116 rely on publicly available documents, those documents speak for themselves.   To the extent that the allegations in paragraph 116 do not accurately reflect those documents, Watson denies the allegations in paragraph 116.

117.   To the extent that the allegations in paragraph 117 rely on publicly available documents, those documents speak for themselves.   To the extent that the allegations in paragraph 117 do not accurately reflect those documents, Watson denies the allegations in paragraph 117.

118.   Paragraph 118 states a legal conclusion or argument to which no answer is required.   To the extent that the allegations in paragraph 118 rely on publicly available documents, those documents speak for themselves.   To the extent that the allegations in paragraph 118 do not accurately reflect those documents, Watson denies the allegations in paragraph 118.

119.   Paragraph 119 states legal conclusions or arguments to which no answer is required.   To the extent an answer may be required, Watson denies the allegations in paragraph 119.

120.   Watson admits the allegations in paragraph 120.

121.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 121.

122.   Watson admits that Watson Laboratories, Inc. received final FDA approval to market the drug described in ANDA No. 76-737 on January 27, 2006, and that this approval was received after the 30-month stay expired.  Watson denies the remaining allegations in paragraph 122.

123.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 123.

124.   Watson denies the allegations in paragraph 124.

125.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 125.

126.   Watson denies the allegations in paragraph 126.

127.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 127.

128.   Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 128.

129.   Watson denies the allegations in paragraph 129.

130.   Paragraph 130 states legal conclusions or arguments to which no answer is required.  To the extent that an answer may be required, Watson denies the allegations in paragraph 130.

131.   Watson denies the allegations in paragraph 131.

2879552 v02

132.   Paragraph 132 states legal conclusions or arguments to which no answer is required.  To the extent that an answer may be required, Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 132.

133.   Paragraph 133 states legal conclusions or arguments to which no answer is required.  To the extent that an answer may be required, Watson denies the allegations in paragraph 133.

134.  Watson lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 134.

135.  Watson denies the allegations in the last sentence of paragraph 135.   Watson lacks knowledge or information sufficient to form a belief concerning the remaining allegations in paragraph 135.

136.  Watson denies the allegations in paragraph 136.

137.  Watson denies the allegations in paragraph 137 and all its subparts.

138.  Watson lacks knowledge or information sufficient to form a belief concerning the first sentence of paragraph 138.   Watson denies the remaining  allegations in paragraph 138.

## FIRST COUNT

139.   Watson repeats and reasserts its answers set forth in the foregoing and subsequent paragraphs as if fully set forth herein.

140.   Watson denies the allegations in paragraph 140.

141.   Watson denies the allegations in paragraph 141.

142.   Watson denies the allegations in paragraph 142 and all its subparts.

143.   Watson denies the allegations in paragraph 143.

144.   Watson denies the allegations in paragraph 144.

145.   Watson denies the allegations in the first sentence of paragraph 145.   The remaining allegations in paragraph 145 state legal conclusions or arguments to which no answer is required.   To the extent an answer is required, Watson denies the remaining allegations in Paragraph 145.

146.   Watson denies the allegations in paragraph 146.

## SECOND COUNT

147.   Watson repeats and reasserts its answers set forth in the foregoing and subsequent paragraphs as if fully set forth herein.

148.   Watson denies the allegations in paragraph 148.

149.   Watson denies the allegations in paragraph 149.

2879552 v02

150.   Watson denies the allegations in paragraph 150.

151.   Watson denies the allegations in the third sentence of paragraph 151.  Paragraph 151 contains legal conclusions and arguments to which no answer is required.   To the extent an answer may be required, Watson denies the allegations in paragraph 151.

152.   Paragraph 152 states a legal conclusion to which no answer is required.  To the extent an answer may be required, Watson denies the allegations in paragraph 152.

153.   Watson denies the allegations in paragraph 153.

## THIRD COUNT

154.   Watson repeats and reasserts its answers set forth in the foregoing and subsequent paragraphs as if fully set forth herein.

155.   Watson denies the allegations in paragraph 155.

156.   Watson denies the allegations in paragraph 156.

157.   Watson denies the allegations in paragraph 157.

158.   Watson denies the allegations in paragraph 158 and all its subparts.

159.   Watson denies the allegations in paragraph 159 and all its subparts.

2879552 v02

160.   Watson denies the allegations in paragraph 160.

## FOURTH COUNT

161.   Watson repeats and reasserts its answers set forth in the foregoing paragraphs and subsequent as if fully set forth herein.

162.   Watson denies the allegations in paragraph 162.

163.   Watson denies the allegations in paragraph 163.

164.   Watson denies the allegations in paragraph 164 and all its subparts.

165.   Watson denies the allegations in paragraph 165.

166.   Watson denies the allegations in paragraph 166.

167.   Watson denies the allegations in paragraph 167.

168.   Watson denies the allegations in paragraph 168.

169.   Watson denies the allegations in paragraph 169.

## FIFTH COUNT

170.   Watson repeats and reasserts its answers set forth in the foregoing and subsequent paragraphs as if fully set forth herein.

171.   Watson denies the allegations in paragraph 171.

172.   Watson denies the allegations in paragraph 172.

2879552 v02

## REQUEST FOR RELIEF

Watson disputes that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Watson asserts the following affirmative defenses without assuming any burden that it would not otherwise bear:

## FIRST AFFIRMATIVE DEFENSE

Watson asserts that the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because under *Schering-Plough Corp. v. FTC*, 402 F.3d 1056 (11th Cir. 2005), Defendants' actions did not exceed the exclusionary scope of U.S. Patent No. 6,503,894.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Watson did not know whether Solvay had a good-faith basis to initiate and maintain its patent infringement litigation against Watson.

2879552 v02

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the acts or omissions of Watson did not substantially lessen competition in any properly defined market.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because there has been no injury to competition of the type that the relevant statutes were designed to prevent.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because its alleged damages were neither caused in fact by Watson, nor proximately caused by any action or conduct of Watson.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring or maintain this action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injury and the injury to competition, if any, is too speculative and uncertain.

2879552 v02

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Watson's alleged conduct was reasonable and procompetitive and based on independent, legitimate business and economic justifications.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because this action is not properly maintainable as a class action.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Solvay's conduct is protected under the *Noerr-Pennington* doctrine and under the Constitution of the United States.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery of any damages because of and to the extent of its failure to mitigate any such damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded by the Federal Food, Drug, and Cosmetic Act, the Drug Price Competition and Patent Term Restoration Act of 1984, and related legislation.

2879552 v02

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the *Trinko* doctrine and its progeny because any harm to competition complained of stems from the intricate, multi-tiered regulatory regime which governs the production, sale and manufacture of pharmaceutical products, including the Hatch-Waxman Act.

Watson reserves the right to amend this Answer or to assert other defenses as this action proceeds.

## PRAYER FOR RELIEF

WHEREFORE, Watson demands judgment against the Plaintiff as follows:

(1)     Deny any and all relief requested under Plaintiff's Complaint;

(2)     For costs of suit incurred and for reasonable attorneys' fees; and

(3)     Awarding Defendants such other and further relief as the Court deems just and proper.

2879552 v02

Respectfully submitted this 26th day of October, 2010.

| | |
|---|---|
| Steven C. Sunshine* | /s/ Jason Eakes |
| Julia K. York* | David A. Rabin |
| SKADDEN, ARPS, SLATE, | Georgia Bar No. 591469 |
| MEAGHER & FLOM LLP | Jason W. Eakes |
| 1440 New York Ave., N.W. | Georgia Bar No. 237048 |
| Washington, D.C. 20005 | MORRIS, MANNING & MARTIN, LLP |
| (202) 371-7000 (telephone) | 3343 Peachtree Road, N.E. |
| (202) 393-5760 (facsimile) | Suite 1600 Atlanta Financial Center |
| steven.sunshine@skadden.com | Atlanta, GA 30326 |
| julia.york@skadden.com | (404) 233-7000 (telephone) |
| | (404) 365-9532 (facsimile) |
| Paul M. Eckles* | drabin@mmmlaw.com |
| SKADDEN, ARPS, SLATE, | jeakes@mmmlaw.com |
| MEAGHER & FLOM LLP | |
| Four Times Square | *Counsel for Watson Pharmaceuticals, Inc.* |
| New York, N.Y. 10036 | |
| (212) 735-3000 (telephone) | |
| (212) 735-2000 (facsimile) | |
| paul.eckles@skadden.com | |

\* Of Counsel

*Counsel for Watson Pharmaceuticals, Inc.*

2879552 v02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **IN RE ANDROGEL ANTITRUST LITIGATION (II)** | CASE NO. 1:09-MD-2084 (TWT) <br><br> **END-PAYOR CLASS ACTION** |
| **GEORGE STEVEN LEGRAND,** <br><br> **Plaintiff,** <br><br> v. <br><br> **UNIMED PHARMACEUTICALS, INC., ET AL,** <br><br> **Defendants.** | **CASE NO. 1:10-CV-2883-TWT** |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 26, 2010, a true and correct copy of the foregoing document was filed electronically via CM/ECF in the United States District Court for the Northern District of Georgia in the cases set forth above, with notice of same being electronically served by the Court to all attorneys of record, and with notice of same sent by U.S. First Class Mail to counsel as follows:

2879552 v02

For Plaintiff George Steven Legrand:

Corey D. Holzer, Esq.
Marshall P. Dees, Esq.
HOLZER HOLZER & FISTEL, LLC
200 Ashford Center North, Suite 300
Atlanta, GA  30338

Jayne A. Goldstein, Esq.
Nathan A. Zipperian, Esq.
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
1640 Town Center Circle, Suite 216
Weston, FL  33326

Natalie Finkelman Bennett, Esq.
James C. Shah, Esq.
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
475 White Horse Pike
Collingswood, NJ  08107-1909

James E. Miller, Esq.
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
65 Main Street
Chester, CT  06412

Robert D. Klausner, Esq.
KLAUSNER & KAUFMAN, P.A.
10059 Northwest 1st Court
Plantation, FL 33324


For Defendant Solvay Pharmaceuticals, Inc., Unimed Pharmaceuticals, LLC, and Abbott Products, Inc.:

Teresa T. Bonder, Esq.
Matthew D. Kent, Esq.
ALSTON & BIRD LLP

2879552 v02

1201 West Peachtree Street
Atlanta, GA 30309-3424

Mark W. Ryan, Esq.
John Roberti, Esq.
Christopher J. Kelly, Esq.
Rebecca Valentine, Esq.
MAYER BROWN LLP
1909 K Street, N.W.
Washington, D.C. 20006

Jeffrey I. Weinberger, Esq.
Rohit K. Singla, Esq.
Elisabeth Neubauer, Esq.
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
35th Floor
Los Angeles, CA 90071


Attorneys for Defendant Watson Pharmaceuticals, Inc.:

Steven C. Sunshine, Esq.
Julia K. York, Esq.
Paul M. Eckles, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Ave., N.W.
Washington, D.C. 20005


Attorneys for Defendants Par Pharmaceutical Companies, Inc. and Paddock
Laboratories, Inc.:

Mark G. Trigg, Esq.
GREENBERG TRAURIG, LLP
The Forum
3290 Northside Parkway
Atlanta, GA 30327

2879552 v02

J. Mark Gidley, Esq.
Eric Grannon, Esq.
WHITE & CASE LLC
701 Thirteenth Street, N.W.
Washington, D.C. 20005

/s/  Jason Eakes
_____
Jason Eakes
Georgia Bar No. 237048
*Attorney for Watson Pharmaceuticals, Inc.*

2879552 v02